IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| PTP TURBO SOLUTIONS, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civ. No. 6:24-cv-00030 |
| FUNK MOTORSPORT LTD., | § § § | |
| Defendant. | § | |

# COMPLAINT

Plaintiff PTP Turbo Solutions, LLC respectfully files this Complaint against Funk Motorsport Ltd. for willful infringement of Plaintiff's valid trademark and respectfully shows as follows:

## I. THE PARTIES

1. Plaintiff PTP Turbo Solutions, LLC is Texas limited liability company with a business address of 808 McPhaul Street, Austin, Texas 78758.

2. Defendant Funk Motorsport Ltd. is a foreign limited partnership that does business in Texas but has no registered agent for service in Texas. Funk Motorsport Ltd. is registered to do business in the United Kingdom. Funk Motorsport Ltd. may be served via the Hague Convention.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1114, *et seq.*, because this action is for trademark infringement and arises under the Trademark Laws of the United States, Title 15 of the United States Code. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the parties to the suit are citizens of different states, and the amount in controversy

1

exceeds $75,000.  Specifically, Funk Motorsport, Ltd. does business in the United States.  Funk Motorsport, Ltd. advertises on its interactive website a "store locator" tab that identifies six affiliate stores located in the United States where one may purchase its products or get them installed locally.  Further, Funk Motorsport, Ltd. allows one to shop its products online, pay with a credit card, and provides for shipping to a location of the buyer's choice.  It also partners with United States companies that sell its products on their interactive websites, specifically including but not limited to Drift HQ and J's Performance Parts and Accessories, Florida based e-commerce websites that offers Funk Motorsport, Ltd.'s Wastegate Blanket for sale, and P1 Performance, Inc., a Maryland based authorized dealer of Funk Motorsport, Ltd. products.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and defendant is subject to the court's personal jurisdiction in this district.  Funk Motorsport, Ltd. does business in the State of Texas and the infringing activity has occurred in the State of Texas.  Specifically, Funk Motorsport Ltd. made at least one sale of its products to Turner's Automotive, located in Edna, Texas.  On information and belief, Funk Motorsport, Ltd. made many more sales of its products within this district.  Therefore, confusion of purchasers is likely to occur, and Funk Motorsport Ltd. has committed the tort of trademark infringement within the State of Texas and within this district.  As a result, venue and jurisdiction are therefore proper.

### III.   FACTUAL BACKGROUND

5.   Plaintiff is in the business of selling handcrafted, premium turbo blankets.  In conducting its business, it began marketing its Wastegate® Blanket in August 2019.  Thereafter, it officially obtained U.S. Trademark Registration No. 6020375 protecting its Wastegate® Blanket in the Heat and acoustical composite insulating shield for automobiles and machinery goods and services.

6.  The Wastegate® trademark was registered on March 24, 2020.

7.  Plaintiff has been using the Wastegate® trademark extensively and continuously for several years, thus gaining a well-known position among the persons in the automotive industry and within the general public.

8.  Despite Plaintiff's prior use and eventual trademark, Defendant is knowingly selling an external Wastegate blanket that infringes on Plaintiff's Trademark. *See, e.g.*, https://funkmotorsport.com/product/external-wastegate-blanket/. Further, Defendant is infringing on Plaintiff's trademark by advertising Defendant's Wastegate Blanket on various social media platforms, including but not limited to Facebook, Instagram, and YouTube. Additionally, when one searches "wastegate blanket" on google.com, a link to Defendant's Wastegate Blanket is the first result that populates.

9.  Recognizing the infringement, Plaintiff demanded Defendant discontinue use of its protected intellectual property, but Defendant has refused.

10. Plaintiff has been damaged, as Defendant has benefitted greatly from its infringement, and Defendant has been unjustly enriched.

### IV.   CAUSES OF ACTION

### Count One: Federal Trademark Infringement under the Trademark Act of 1946—Lanham Act—15 U.S.C. § 1114(1)(a)

11. Plaintiff repeats and realleges each and every allegation contained previous paragraphs of this Complaint as if fully set forth herein.

12. This cause of action arises under the Trademark Laws of the United States, Title 15, United States Code.

13. Plaintiff has developed and owns the Wastegate® protected trademark related to insulating covers, mostly used for automobiles and machinery.

14. Plaintiff's trademark is inherently distinctive according to its certificate of registration and is widely known among the persons in the automotive industry and within the general public.

15. Defendant has been using the Wastegate® trademark without any sort of authorization, explicit or implicit, from Plaintiff.

16. Defendant has been using the Wastegate® trademark for similar products to those produced and commercialized by Plaintiff, that is, insulating covers and sleeves for vehicles and machinery.

17. Defendant has been using in commerce a reproduction of Plaintiff's registered trademark in connection with the sale, offering for sale, distribution, and advertising of goods similar to Plaintiff's products, which is likely to cause confusion or mistake among the consumers, or to deceive them.

18. Consumers are likely to confuse Plaintiff's trademark and products with Defendant's infringing Wastegate Blanket, considering the similarity of the products in which the trademarks are being used—insulating covers with similar or almost identical design, the specialized market to which they are addressed, the automotive industry, and the commercialization of them in the same geographical areas.

19. The prior and continued use of Plaintiff's trademark by Defendant has caused, and will continue to cause, irreparable harm and injury to Plaintiff's business model and reputation.

20. Plaintiff therefore seeks actual damages, exemplary damages, attorneys' fees, costs of court, and pre- and post-judgment interest caused by Defendant's actions.

**Count Two: False Advertising under the Trademark Act of 1946—Lanham Act—15 U.S.C. § 1125(a)(1)**

21. Plaintiff repeats and realleges each and every allegation contained previous paragraphs of this Complaint as if fully set forth herein.

22. This cause of action arises under the Trademark Laws of the United States, Title 15, United States Code.

23. Plaintiff's Wastegate® trademark is inherently distinctive according to its certificate of registration and is widely known among the persons in the automotive industry and within the general public.

24. Defendant has been using its Wastegate® trademark without any sort of authorization, explicit or implicit, from Plaintiff.

25. Defendant has been using the Wastegate® trademark for similar products to those produced and commercialized by Plaintiff, that is, insulating covers and sleeves for vehicles and machinery.

26. Defendant's misuse of Plaintiff's trademark constitutes a use in commerce given that the products are being sold, offered, distributed, and advertised, with a misleading description, because their products incorporate the Wastegate® trademark which are not owned by Defendant.

27. Defendant's actions are intended to misrepresent the nature, characteristics, and qualities of their insulating covers and related goods, by deceiving through the appearance that those goods are affiliated, connected, or associated with Plaintiff's products and trademark.

28. Due to Defendant's practices and conduct, consumers, suppliers, and the general public, are likely to confuse Plaintiff's Wastegate® trademark and products with Defendant's goods, specifically including but not limited to Defendant's external Wastegate blanket.

29. The prior and continued use of Plaintiff's trademarks by Defendant has caused, and will continue to cause, irreparable harm and injury to Plaintiff's business model and reputation.

30. Plaintiff therefore seeks actual damages, exemplary damages, attorneys' fees, costs of court, and pre- and post-judgment interest due to Defendant's actions.

## **Count Three: Unfair competition under the Trademark Act of 1946—Lanham Act—15 U.S.C. § 1125(a)(1)**

31. Plaintiff repeats and realleges each and every allegation contained previous paragraphs of this Complaint as if fully set forth herein.

32. This cause of action arises under the Trademark Laws of the United States, Title 15, United States Code.

33. Plaintiff has developed and owns the protected Wastegate® trademark related to insulating covers, mostly used for automobiles and machinery.

34. Plaintiff's trademark is inherently distinctive according to its certificate of registration and is widely known among the persons in the automotive industry and within the general public.

35. Defendant has been using Wastegate® trademark without any sort of authorization, explicit or implicit, from Plaintiff.

36. Defendant has been using the Wastegate® trademark for similar products to those produced and commercialized by Plaintiff, that is, insulating covers and sleeves for vehicles and machinery.

37. Defendant's actions and conduct constitute an unfair competition, in that they are likely to cause confusion among the consumers, suppliers, and the general public, with the intention to earn a place in the specialized market of automotive and machinery supplies, by using a false representation of a connection with a consolidated competitor in the market, while trying to displace Plaintiff's position in it, through the creation of the misleading perception that Defendant's goods are in some way affiliated, connected, or associated with Plaintiff's products and trademarks.

38. Due to Defendant's practices and conduct, consumers, suppliers, and the general public, are likely to confuse Plaintiff's trademarks and products with Defendant's goods, specifically including but not limited to Defendant's external Wastegate blanket.

39. The prior and continued use of Plaintiff's trademark by Defendant has caused, and will continue to cause, irreparable harm and injury to Plaintiff's business model and reputation.

40. Plaintiff therefore seeks actual damages, exemplary damages, attorneys' fees, costs of court, and pre- and post-judgment interest due to Defendant's actions.

## Count Four: Injunctive relief under the Trademark Act of 1946—Lanham Act—15 U.S.C. § 1116

41. Plaintiff repeats and realleges each and every allegation contained previous paragraphs of this Complaint as if fully set forth herein.

42. This cause of action arises under the Trademark Laws of the United States, Title 15, United States Code.

43. Plaintiff has developed and owns the protected Wastegate® trademark, related to insulating covers, mostly used for automobiles and machinery.

44. By using Plaintiff's trademarks without authorization, Defendant has engaged in actions and activities that have resulted in the infringement of the recognition that the Trademark Act of 1946 does to Plaintiff's trademarks, which consequently produces a diminution in the consumers recognition to Plaintiff's products.

45. Defendant's actions are causing, and will continue to cause, irreparable harm to Plaintiff, including the loss of potential businesses, customers, and reputation, by being unlawfully associated with goods produced, offered, and distributed, by different entities.

46. The issuance of injunctive relief is necessary and appropriate to avoid further use from Defendant of Plaintiff's trademarks, and thus, to prevent irreparable damage to Plaintiff's business model and reputation.

**Count Five: Common Law Trademark Infringement and Unfair Competition**

47. Plaintiff repeats and realleges each and every allegation contained previous paragraphs of this Complaint as if fully set forth herein.

48. Defendant's actions as set forth above constitute common-law trademark infringement and unfair competition under the laws of the State of Texas. The name Wastegate® is eligible for protection and is protected by U.S. Trademark Registration No. 6020375. A likelihood of confusion exists between Plaintiff's trademark and Defendant's mark.

49. Defendant is on notice of its infringement, and its actions set forth above constitute willful trademark infringement.

50. Defendant's infringement entitles Plaintiff to an award of damages, including but not limited to disgorgement of Defendant's profits.

## V.   JURY DEMAND

51. Plaintiff demands a trial by jury and has tendered the appropriate fee.

## VI.   CONCLUSION AND PRAYER

For the reasons stated above, Plaintiff respectfully requests that judgment be entered in its favor and against Defendant as follows:

a. An injunction:

   i. Enjoining Defendant from using the Wastegate® trademark;

   ii. Ordering Defendant to recall all goods that it has distributed under the Wastegate® trademark;

   iii. Ordering Defendant to contact all of its dealers and require them to cease the use of Wastegate® on their listings and marketing;

b. For compensatory damages, lost profits, unjust enrichment, exemplary damages, and

      any other damages to which Plaintiff is entitled in an amount to be shown at trial;

c.    That this case be found to be exceptional.

d.    For Plaintiff's attorneys' fees;

e.    For costs of the action;

f.    For all other relief, at law or in equity, as the Court finds just and proper, and to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**TERRAZAS PLLC**
1001 S. Capital of Texas Hwy.
Bldg. L, Suite 250
Austin, Texas 78746
512.680.3257

By:  /s/ Kevin Terrazas
      Kevin Terrazas
      State Bar No. 24060708
      kterrazas@terrazaspllc.com
      Lisa R. Sinor
      State Bar No. 24090351
      lsinor@terrazaspllc.com

*Attorneys for Plaintiff PTP Turbo Solutions, LLC*